United States District Court
Southern District of Texas

**ENTERED**

March 31, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MAYLEVIS LAZARA DELGADO RODRIGUEZ, | § § § | |
| Petitioner, | § | CIVIL ACTION NO. H-26-2439 |
| | § | |
| vs. | § § | |
| WARDEN, Houston Processing Center, *et al.*, | § § § | |
| Respondents. | § § | |

**ORDER TO ANSWER**

The petitioner, Maylevis Lazara Delgado Rodriguez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Houston Processing Center.  Representing herself, she has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her continued detention.  (Docket Entry No. 1).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief.  Having conducted the required examination, the court **orders** as follows:

1.      The Clerk must deliver copies of the petition (Docket Entry No. 1) and this Order to the Acting United States Attorney for the Southern District of Texas, John G.E. Marck, by electronic mail to USATXS.CivilNotice@usdoj.gov.

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241.  *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

2.      The proper respondent must file an answer or other appropriate responsive pleading within **seven (7) days** after the date of service.  The respondent will forward a copy to the petitioner.  If matters outside the pleadings are relied upon, the motion will be treated as a motion for summary judgment and should be titled as such.

3.      In addition to any defense, in law or fact, to a claim for relief by the petitioner, the respondent's answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

Because the petitioner, who represents herself, alleges that she has been detained since September 2025, the court **orders** the respondents to address the substantive reasonableness of the petitioner's detention under the Constitution.  There are "four 'nonexhaustive' factors governing when detention is unreasonable: the length of detention, the likelihood it will continue, the reasons for delay, and how confinement conditions compare to criminal punishment." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, ___ F.4th ___, 2026 WL 263483, at *11 (3d Cir. Feb. 2, 2026) (citing *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211–12 (3d Cir. 2020)). The respondents' answer must address whether the petitioner's detention is reasonable under these factors.

4.      Whether the respondent elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), Delgado Rodriguez must file any response within **thirty (30) days** of the date reflected on the certificate of service.  Delgado Rodriguez's response must also address the reasonableness of her detention under the four factors in *Michelin*, 2026 WL 263483, at *11.  Under the court's local rules, the petitioner's failure to respond will be considered

2

a representation that the petitioner does not oppose the motion.  *See* S.D. Tex. L.R. 7.4.  If the petitioner fails to comply on time, the court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

5.    Each party must serve the other party with a copy of every pleading, letter, or other document submitted for consideration by the court.  Because the petitioner is detained and without access to the court's electronic filing system (ECF), service shall be by mail to the other party.  Every pleading or document filed with the Clerk of Court must contain a signed certificate stating the date a true and correct copy of the pleading or document was mailed and to whom mailed.  Any pleading or other document that fails to include the certificate of service may be stricken from the record and not considered by the court.

6.    There will be no direct communications with the U.S. District Judge or Magistrate Judge.  Communications must be submitted to the Clerk with copies to the other party.

7.    The petitioner must notify the court of any change of address by filing a written notice of change of address with the Clerk.  The petitioner must also notify counsel for the respondent.  Failure to provide such notice may result in this case being dismissed for want of prosecution.

8.    The petitioner's motion to proceed *in forma pauperis* (Docket Entry No. 2) is **granted**.

9.      The respondents must notify the court of any anticipated or planned transfer of Maylevis Lazara Delgado Rodriguez outside of the Southern District of Texas **at least five (5) days before** any such transfer.

SIGNED on March 31, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge